UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
CASE NO.

RAYMOND D. ARLOZYNSKI,
 on behalf of himself and
all others similarly situated,

                    Plaintiff,

          v.

RUBIN & DEBSKI, P.A.,
ARTHUR D. RUBIN, and
MICHAEL T. DEBSKI,

                    Defendants.
_____/

## CLASS ACTION COMPLAINT
## AND JURY DEMAND

1.      Plaintiff RAYMOND D. ARLOZYNSKI, on behalf of himself and all

others similarly situated, alleges Defendants RUBIN & DEBSKI, P.A., ARTHUR

D. RUBIN, and MICHAEL T. DEBSKI violated the Fair Debt Collection Practices

Act, 15 U.S.C. §1692 *et seq*. ("FDCPA"), by failing to inform the consumer that

the purpose of the call was to collect a debt or that the call was from a debt

collector.

## I.  JURISDICTION AND VENUE

2.      This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k(d).  Venue in this District is proper because Plaintiff resides here and Defendants placed telephone calls into this District.

## II.  PARTIES

3.      Plaintiff, RAYMOND D. ARLOZYNSKI, is a natural person who resides in Pasco County, Florida.

4.      Plaintiff, RAYMOND D. ARLOZYNSKI, is a "consumer" as defined by 15 U.S.C. §1692a(3).

5.      Defendant, RUBIN & DEBSKI, P.A., , is a professional association with its principal place of business at Suite 400, 4417 Beach Boulevard, Jacksonville, FL 32207.

6.      Defendant, ARTHUR D. RUBIN, is an individual and is a partner with RUBIN & DEBSKI, P.A.

7.      Defendant, MICHAEL T. DEBSKI, is an individual and is a partner with RUBIN & DEBSKI, P.A.

8.      Defendants regularly use the mails and telephone in a business the principal purpose of which is the collection of debts.

9.      Defendants regularly collect or attempt to collect debts for other parties and are "debt collectors" as defined in the FDCPA.

## III.  <u>FACTUAL ALLEGATIONS</u>

10.     Defendants sought to collect from Plaintiff an alleged debt arising from Target credit card transactions incurred for personal, family or household purposes.

11.     Defendants left the following messages on Plaintiff's voice mail on or about the dates stated:

November 19, 2008

> This message is for Raymond Arlozynski. Please call Tangy Bryant with Rubin & Debski at 877-815-4829. Thank you.

November 24, 2008

> This is a message for Raymond Arlozynski. Please call Karlina Magnum from Rubin & Debski at telephone number 877-815-4829. Thank you.

November 28, 2008

> This is a message for Raymond D. Arlozynski. Please call Pat Rogers with Rubin & Debski at 877-815-4829. Thank you.

December 2, 2008

> This is a message for Raymond D. Arlozynski. Please call Pat Rogers with Rubin & Debski at 877-815-4829. Thank you.

December 6, 2008

> This is a message for Raymond D. Arlozynski. Please call Pat Rogers with Rubin & Debski at 877-815-4829. Thank you.

December 18, 2008

> This message is for Raymond Arlozynski. Please call Jessica Zamora at Rubin & Debski. Telephone number 877-815-4829. Thank you.

December 28, 2008

> This message is for Raymond. Please call Julie at Rubin & Debski. Telephone number 877-815-4829. Thank you.

February 4, 2009

> This message is for Raymond Arlozynski. Please call Joy Conklin at Rubin & Debski. Telephone number 877-815-4829. Thank you.

12.     Based upon information and belief, Defendants left similar or identical messages on other occasions within one year of the filing of this complaint.  (Collectively, "the telephone messages").

13.     The telephone messages are "communications" as defined by 15 U.S.C. §1692a(2).

14.     Defendants failed to inform Plaintiff in the telephone messages that the communication was from a debt collector and failed to disclose the purpose of Defendants' telephone messages.

15.     Defendant Arthur D. Rubin and Defendant Michael T. Debski control and direct the debt collection practices of Defendant Rubin & Debski, P.A. including the content of the telephone messages.

## IV.   CLASS ACTION ALLEGATIONS

16.     This action is brought on behalf of two classes.

17.     The FDCPA class is defined as (i) all Florida residents to whom Defendants left a telephone message (ii) in which Defendants, failed to state it is

from a debt collector, and/or that it was an attempt to collect a debt (iii) in an attempt to collect a debt incurred for personal, family, or household purposes allegedly due Target (iv) during the one year period prior to the filing of the complaint in this matter through the date of class certification.

18.     Plaintiff alleges on information and belief based on the use of uniform telephone messages that the class is so numerous that joinder of all members is impractical.

19.     There are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class members.  The principal issues are:

      a.     Whether Defendants are debt collectors.

      b.     Whether Defendants' telephone messages violate the FDCPA.

20.     The claims of Mr. Arlozynski are typical of those of the class members.  All are based on the same facts and legal theories.

21.     Mr. Arlozynski will fairly and adequately protect the interests of the class.  He has retained counsel experienced in handling actions involving unlawful practices under the FDCPA and class actions.  Neither Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue this action.

22.     Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

a.      The questions of law or fact common to the members of the

classes predominate over any questions affecting an individual member.

b       A class action is superior to other available methods for the fair

and efficient adjudication of the controversy.

## V.  COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT

23.     Plaintiff incorporates the foregoing Paragraphs.

24.     Defendants failed to disclose in the telephone messages that it is a

debt collector in violation of 15 U.S.C. §1692e(11). See *Drossin v. National Action*

*Financial Services, Inc.*, --- F.Supp.2d ----, 2009 WL 2460895, 2009 U.S. Dist.

LEXIS 70494 (S.D.Fla., Aug, 7, 2009) and *Belin v. Litton Loan Servicing*, 2006

U.S. Dist. LEXIS 47953 (M. D. Fla. 2006).

WHEREFORE, RAYMOND D. ARLOZYNSKI requests that the Court

enter judgment in favor of Plaintiff and the class he seeks to represent against

Defendants RUBIN & DEBSKI, P.A., ARTHUR D. RUBIN, and MICHAEL T.

DEBSKI for:

A.      Certification for this matter to proceed as a class action;

B.      Declaratory relief that Defendants' telephone messages violate

the FDCPA;

C.      Statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(B);

D.    Attorney's fees, litigation expenses and costs of suit pursuant to

15 U.S.C.§169sk(a)(3); and

E.    Such other or further relief as the Court deems proper.

## **JURY DEMAND**

Plaintiff RAYMOND D. ARLOZYNSKI demands trial by jury.

s/ Donald A. Yarbrough
DONALD A. YARBROUGH, ESQ.
Post Office Box 11842
Ft. Lauderdale, FL 33339
Telephone: 954-537-2000
donyarbrough@mindspring.com


O. Randolph Bragg
HORWITZ, HORWITZ & ASSOCIATES
25 East Washington Street, Suite 900
Chicago, IL 60602
(312) 372-8822
rand@horwitzlaw.com

**ATTORNEYS FOR PLAINTIFF**

7