UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Case No. 8:09-cv 02321 VMC- AEP

RAYMOND D. ARLOZYNSKI, on
Behalf of himself and all others
similarly situated,

        Plaintiff,

vs.

RUBIN & DEBSKI, P.A.,
ARTHUR D. RUBIN, and
MICHAEL T. DEBSKI,

        Defendants.
_____/

## MOTION TO DISMISS COMPLAINT BY
## DEFENDANTS ARTHUR D. RUBIN AND MICHAEL T. DEBSKI

### MOTION

Pursuant to Rule 12(b)(6), individual Defendants Arthur D. Rubin ("Rubin") and Michael T. Debski ("Debski") respectfully request that the Court enter an order dismissing the Complaint as against Rubin and Debski individually for the reasons set forth more fully in the Memorandum of Law below.

### MEMORANDUM OF LAW

Rubin and Debski are officers and directors of Defendant Rubin & Debski, P.A. ("R&D"), a Florida corporation providing professional services.[1]  The Complaint alleges that R&D, along with Rubin and Debski, are "debt collectors" within the meaning of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* "FDCPA"), and that all the Defendants violated the FDCPA by making certain calls to the Plaintiff in which the

---

[1] Under Florida law, an entity using the designation "P.A." is a "professional corporation," and not a partnership. *See* Section 621.12(2)(b)(1), Florida Statutes.  Professional corporations have shareholders, not partners.  Liability of individual shareholders is limited as set out in Section 621.07.

caller allegedly failed to identify him- or herself and to identify that the call was from a debt collector.

Neither Rubin nor Debski are alleged to have made any of the calls themselves. Indeed, the allegations regarding the messages indicate that persons other than Rubin or Debski actually made the calls.  See Complaint ¶ 11 (messages from "Tangy Bryant," "Karlina Magnum," "Pat Rogers," "Jessica Zamora" "Julie" and "Joy Conklin").  The *only* allegation as to Rubin and/or Debski, individually, other than an incorrect allegation that they are partners in R&D, is that they "control and direct the debt collection practices of" R&D.  See Complaint ¶ 15.  There are *no* allegations that attempt to pierce the corporate veil, nor could there be.  Likewise, there are *no* allegations of any basis to hold the individual Defendants vicariously liable for the actions of either R&D or any of R&D's agents or employees.

As the Seventh Circuit has held,

> The Fair Debt Collection Practices Act is not aimed at the shareholders of debt collectors operating in the corporate form unless some basis is shown for piercing the corporate veil, which was not attempted here, *Aubert v. American General Finance, Inc.*, 137 F.3d 976, 979-80 (7th Cir. 1998), or at companies that perform ministerial duties for debt collectors, such as stuffing and printing the debt collector's letters. *Laubach v. Arrow Service Bureau, Inc.*, 987 F. Supp. 625, 629-31 (N.D. Ill. 1997); *Trull v. Lason Systems, Inc.*, 982 F. Supp. 600, 607-08 (N.D. Ill. 1997); S. Rep. No. 382, supra, at 5. ***The joinder of these defendants illustrates the all-too-common abuse of the class action as a device for forcing the settlement of meritless claims and is thus a mirror image of the abusive tactics of debt collectors at which the statute is aimed.***

*White v. Goodman*, 200 F. 3d 1016, 1019 (7th Cir. 2000) (Posner, J.) (emphasis added).

This bar on liability for shareholders of debt collectors holds regardless of the level of control exercised by the shareholder:

2

> [U]nder our holding in White v. Goodman, the extent of control exercised by an officer or shareholder is irrelevant to determining his liability under the FDCPA. 200 F.3d 1016, 1019 (7th Cir. 2000). Because such individuals do not become "debt collectors" simply by working for or owning stock in debt collection companies, we held that ***the Act does not contemplate personal liability for shareholders or employees of debt collection companies who act on behalf of those companies, except perhaps in limited instances where the corporate veil is pierced.*** Id.; *Aubert v. American Gen. Fin., Inc.*, 137 F.3d 976, 979-80 (7th Cir. 1998). Rather, the FDCPA has utilized the principle of vicarious liability. . . . With vicarious or respondeat superior liability, the debt collection company "and its managers have the proper incentives to adequately discipline wayward employees, as well as to instruct and train employees to avoid actions that might impose liability." *U.S. EEOC v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1282 (7th Cir. 1995). Individuals who do not otherwise meet the statutory definition of "debt collector" cannot be held liable under the Act. *Transamerica*, 171 F.3d at 554 n.1. As we mentioned in *White*, FDCPA suits against the owners of a debt collection company who are not otherwise debt collectors are frivolous and might well warrant sanctions. 200 F.3d at 1019. The holding of White is equally applicable to this case, so ***regardless of whether Fuchs exercised extensive control over Retrieval Masters, the district court correctly granted summary judgment for Fuchs.***

*Pettit v. Retrieval Masters Creditors Bureau, Inc.,* 211 F. 3d 1057, 1059-1060 (7th Cir. 2000) (emphasis added).[2]

The Middle District of Florida has expressly followed the Seventh Circuit cases of *White v. Goodman* and *Pettit v. Retrieval Masters*:

> To the extent that the plaintiff's sue Baker by virtue of his position as sole shareholder of BSL, Baker avoids personal liability for BSL's alleged FDCPA and FCCPA violations. *Pettit v. Retrieval Masters Creditors Bureau, Inc.*, 211 F.3d 1057, 1059 (7th Cir. 2000) ("Because such individuals do not become 'debt collectors' simply by working for or owning stock in debt collection companies, . . . the Act does not contemplate personal liability for shareholders or employees of debt collection companies who act on behalf of those companies, except perhaps in limited circumstances where the corporate veil is pierced.") (citing *White v. Goodman*, 200 F.3d 1016, 1019 (7th Cir. 2000)); *Ernst v. Jesse L. Riddle, P.C.*, 964 F.Supp 213, 216 (M.D. La. 1997) ("[N]o language in the FDCPA

---

[2] *But see, e.g., Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433, 436 (6th Cir. 2008) (an individual's personal involvement may qualify that individual as a "debt collector" without having to pierce corporate veil).

3

would suggest that Congress intended the act to supplant state corporate law which generally limits the liability of a corporation's shareholders, officers, and directors."). The complaint (Doc. 1) alleges no facts (and the plaintiffs offer no argument) to support disregarding BSL's corporateness. *Garcia v. Jefferson Capital Sys., LLC*, 2007 U.S. Dist. LEXIS 33995, (M.D. Fla. May 9, 2007) (individual defendant's motion for summary judgment denied because he testified inconsistently about whether he had personally made calls to plaintiff).[3]

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations … a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* Plaintiffs must set out a "plausible" claim. *Id.*

Here, Plaintiff's conclusory allegations that "Defendants" personally acted as debt collectors, when the specific allegations concerning the telephone calls indicate that neither of the individual Defendants left the messages, are insufficient as a matter of law. This Court should adopt the reasoning set forth in *White*, *Pettit*, and *Garcia* and dismiss this case against individual Defendants Rubin and Debski with prejudice.

WHEREFORE individual Defendants Rubin and Debski respectfully request that the Court enter an Order dismissing the case against them with prejudice, along with any other relief the Court deems just and proper.

---

[3] *Brussels v. David E. Newman, P.A.*, 2007 U.S. Dist. LEXIS 14006 (S.D. Fla. 2007), is distinguishable because the individual lawyer appeared to be a solo practitioner acting personally through his "P.A." Similarly, *Belin v. Litton Loan Servicing, L.P.*, 2006 U.S. Dist. LEXIS 47953 (M.D. Fla. 2006), is distinguishable because that case involved a general partnership, which is governed by different laws than those limiting the liability of shareholders of a professional corporation such as R&D and the court "presume[d]" that the individual employee defendants "were actually involved in the challenged communications." *Id.* at *4-5. Neither *Brussels* nor *Belin* cite to either of the two Seventh Circuit cases.

Date: <u>February 16, 2010</u>   Respectfully submitted,

By: <u>  /s/ Craig S. Hudson  </u>
Craig S. Hudson (Fla. Bar No. 27940)
cshudson@mdwcg.com
Wendy S. Leavitt (Fla. Bar No. 908819)
wsleavitt@mdwcg.com
*Attorneys for Defendants*
MARSHALL, DENNEHEY, WARNER,
 COLEMAN & GOGGIN
1 East Broward Boulevard, Suite 500
Ft. Lauderdale, Florida 33301
Telephone: (954) 847-4920
Facsimile: (954) 627-6640

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 16, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I further certify that I mailed the foreing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:

By: <u>  /s/ Craig S. Hudson  </u>
Craig S. Hudson (Fla. Bar No. 27940)
cshudson@mdwcg.com
Wendy S. Leavitt (Fla. Bar No. 908819)
wsleavitt@mdwcg.com
*Attorneys for Defendants*
MARSHALL, DENNEHEY, WARNER,
 COLEMAN & GOGGIN
1 East Broward Boulevard, Suite 500
Ft. Lauderdale, Florida 33301
Telephone: (954) 847-4920
Facsimile: (954) 627-6640