UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RAYMOND D. ARLOZYNSKI,
 on behalf of himself and
all others similarly situated,

                    Plaintiff,

          v.                                        **Case No.: 8:09-cv-2321**

RUBIN & DEBSKI, P.A.,
ARTHUR D. RUBIN, and
MICHAEL T. DEBSKI,

                    Defendants.
_____/

## PLAINTIFF'S OPPOSITION TO
## DEFENDANTS' MOTION TO DISMISS

Plaintiff Raymond D. Arlozynski submits his Opposition to the

Motion to Dismiss Complaint by Defendants Arthur D. Rubin and Michael T.

Debski.  Docket No.13, subsequently refiled as Docket No.15.   Mr. Arlozynski

has filed his Class Action Complaint in this matter alleging that Defendants

violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*.

("FDCPA"), by failing to inform the consumer that the purpose of the call was to

collect a debt or that the call was from a debt collector. Edwards v. Niagara Credit

Solutions, Inc., 584 F.3d 1350 (11th Cir. 2009); *Drossin v. National Action*

1

*Financial Services, Inc.*, 641 F.Supp.2d 1314 (S.D.Fla. 2009) and *Belin v. Litton Loan Servicing*, 2006 WL 1992410, 2006 U.S. Dist. LEXIS 47953 (M. D. Fla., July 14, 2006).

## I.    PROCEDURAL HISTORY

Plaintiff Raymond D. Arlozynski filed the Class Action Complaint (Document 1) on November 13, 2009 alleging that Defendants Rubin & Debski, P.A., Arthur D. Rubin, and Michael T. Debski violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA"), by failing to inform the consumer that the purpose of the call was to collect a debt or that the call was from a debt collector.  On February 16, 2010 Rubin & Debski, P.A.'s Answer and Defenses to Complaint was filed.  (Document 12 and filed again on February 22, 2010 as Document 14).

On February 16, 2010 Motion to Dismiss Complaint by Defendants Arthur D. Rubin, and Michael T. Debski was filed.  (Document 13) On February 22, 2010 Motion to Dismiss Complaint by Defendants Arthur D. Rubin, and Michael T. Debski was filed again.  (Document 15) Plaintiff now files his Opposition thereto.

## II.    STATEMENT OF FACTS

Plaintiff's Complaint (Docket No. 1) alleged:

Plaintiff, Raymond D. Arlozynski, a natural person residing in Florida, is a "consumer" as defined by 15 U.S.C. §1692a(3). Defendant Rubin & Debski, P.A. is a professional association with its principal place of business in Jacksonville, Florida. Defendants Arthur D. Rubin and Michael T. Debski, are individuals who are the partners of Rubin & Debski, P.A. Defendants regularly use the mails and telephone in a business the principal purpose of which is the collection of debts. Defendants regularly collect or attempt to collect debts for other parties and are "debt collectors" within the meaning of 15 U.S.C. § 1692(a)(6). At all times relevant hereto the Defendants were attempting to collect an alleged debt incurred for personal, family or household purposes alleged to be in default by Mr. Arlozynski and members of the class. Defendants sought to collect from Plaintiff an alleged debt arising from Target credit card transactions incurred for personal, family or household purposes.

Defendants left the following messages on Mr. Arlozynski's voice mail on or about the dates stated:

November 19, 2008

This message is for Raymond Arlozynski. Please call Tangy Bryant with Rubin & Debski at 877-815-4829. Thank you.

November 24, 2008

This is a message for Raymond Arlozynski. Please call Karlina Magnum

3

from Rubin & Debski at telephone number 877-815-4829. Thank you.

November 28, 2008

    This is a message for Raymond D. Arlozynski. Please call Pat Rogers with Rubin & Debski at 877-815-4829. Thank you.

December 2, 2008

    This is a message for Raymond D. Arlozynski. Please call Pat Rogers with Rubin & Debski at 877-815-4829. Thank you.

December 6, 2008

    This is a message for Raymond D. Arlozynski. Please call Pat Rogers with Rubin & Debski at 877-815-4829. Thank you.

December 18, 2008

    This message is for Raymond Arlozynski. Please call Jessica Zamora at Rubin & Debski. Telephone number 877-815-4829. Thank you.

December 28, 2008

    This message is for Raymond. Please call Julie at Rubin & Debski. Telephone number 877-815-4829. Thank you.

February 4, 2009

    This message is for Raymond Arlozynski. Please call Joy Conklin at Rubin & Debski. Telephone number 877-815-4829. Thank you.

Based upon information and belief, Defendants left similar or identical messages

on other occasions within one year of the filing of this complaint.  (Collectively,

"the telephone messages").  The telephone messages are "communications" as defined by 15 U.S.C. §1692a(2).

Defendants failed to inform Plaintiff in the telephone messages that the communication was from a debt collector and failed to disclose the purpose of Defendants' telephone messages.

Defendant Arthur D. Rubin and Defendant Michael T. Debski control and direct the debt collection practices of Defendant Rubin & Debski, P.A. including the content of the challenged telephone messages.

## III.   QUESTION PRESENTED

Should the Motion to Dismiss Complaint by Defendants Arthur D. Rubin, and Michael T. Debski (Document 13 and 15) be denied?

Plaintiff respectfully suggests that this question should be answered in the affirmative.

## IV.   ARGUMENT

### A.   STANDARD FOR MOTION TO DISMISS

The Supreme Court has articulated the following standard regarding factual allegations that are required to survive dismissal:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause

of action will not do. Factual allegations must be enough to raise a
right to relief above the speculative level, on the assumption that all
the allegations in the complaint are true (even if doubtful in fact).

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d

929 (2007) (quotation marks, ellipsis, citations, and footnote omitted).  A

complaint must contain sufficient factual matter to "state a claim that is plausible

on its face." *Id.* at 570.  "A claim has facial plausibility when the pleaded factual

content allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct.

1937, 1949, 173 L.Ed.2d 868 (2009) (citing *Twombly*, 550 U.S. at 556).

By alleging that Defendant Arthur D. Rubin and Defendant Michael

T. Debski are debt collectors who control and direct the debt collection practices of

Defendant Rubin & Debski, P.A. including the content of the challenged telephone

messages, Plaintiff's Complaint has satisfied the plausibility test to overcome

Defendants' Motions to Dismiss.  *Ashcroft v. Iqbal*, 129 S.Ct. at 1949; *Bell Atlantic

Corp. v. Twombly*, 550 U.S. at 570 ("we do not require heightened fact pleading of

specifics, but only enough facts to state a claim to relief that is plausible on its

face.")  Where the motion to dismiss is an attack on a consumer's FDCPA claims,

the court should resolve any ambiguities in favor of the consumer.  *See*, *Johnson v.*

*Riddle*, 305 F.3d 1107, 1117 (10th Cir. 2002) (the FDCPA "should be construed liberally in favor of the consumer").

### B.    THE INDIVIDUAL DEFENDANTS ARE COVERED BY THE FDCPA.

An individual, who is a "debt collector" personally involved in the collection activity alleged to violate the FDCPA, may be held personally liable for his or her conduct.  The Act states:

> The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. §1692a(6).

Shareholders, officers, and employees, such as Defendants Arthur D. Rubin and Michael T. Debski directly involved in debt collection with a law firm, may be jointly and severally liable with the agency for violations of the FDCPA. In *Kistner v. Law Offices of Michael P. Margelefsky, LLC*. 518 F.3d 433, 436-38 (6th Cir. 2008), the U.S. Court of Appeals for the Sixth Circuit considered and rejected an argument similar to that of Messrs. Rubin and Debski here.  The Sixth Circuit held that a lawyer owner or officer "may be personally liable on the basis of his participation in the debt collection activities of the LLC more generally."  *Id.* at 437.  Also, see: *Schwarm v. Craighead*, 552 F.Supp.2d 1056, 1071 (E.D.Cal.

7

2008) ("this court will adhere to the conclusion reached by the Sixth Circuit and the majority of district courts because it is more consistent with the FDCPA's broad language.")

Like the factual situation here, the court in *Brumbelow v. Law Offices of Bennett and Deloney, P.C.*, 372 F. Supp. 2d 615 (D. Utah 2005), considered the individual liability of the principals of a law firm engaged in the collection of consumer debt.  The court concluded:   "[W]here a shareholder, officer, or employee of a corporation is personally involved in the debt collection at issue, he may be held personally liable as a debt collector without piercing the corporate veil." *Id.* at 618.  Similarly, the district court in *Piper v. Portnoff Law Associates*, 274 F.Supp.2d 681, 90 (E.D.Pa. 2003), stated:  "individuals who exercise control over the affairs of a business may be held liable under the FDCPA for the business' actions."  Likewise, the court in *Musso v. Seiders*, 194 F.R.D. 43, 46-47 (D.Conn. 1999), stated:  "A high-ranking employee, executive or director of a collection agency may fit within the statutory definition of a debt collector."   In *Ditty v. Checkrite, Ltd.*, 973 F.Supp. 1320, 1336-37 (D.Utah 1997), the district court found that a collection firm's attorney who satisfied the definition of debt collector was personally liable under the FDCPA.  Also, see: *Brink v. First Credit Resources*, 57

F.Supp.2d 848, 862 (D.Ariz. 1999); _West v. Costen_, 558 F.Supp. 564, 587 (W.D.Va. 1983).

Messrs. Rubin and Debski have failed to address the above decisions. Instead, Defendants rely on two decisions from the Seventh Circuit:  _White v. Goodman_, 200 F.3d 1016 (7th Cir. 2000), and _Petit v. Retrieval Masters Creditors Bureau_, 211 F.3d 1057 (7th Cir. 2000).  However, both the _Kistner_ and _Brumbelow_ courts considered the _White_ and _Petit_ rulings and declined to follow their rationale, instead holding that law firm's shareholders personally involved in the collection activity may be personally liable for violations of the FDCPA.  _Kistner_ at 436; _Brumbelow_ at 620-22.

Defendants also quote from footnote 2 in the unpublished decision of _Garcia v. Jefferson Capital Systems, LLC_, 2007 WL 1364382 (M.D.Fla., May 9, 2007), which simply denied the debt collectors' motion for summary judgment on the basis that genuine issues of material fact remained for determination by the jury.  Personal liability of individual shareholders was not discussed in that decision.  The _Garcia_ decision did not mention _Brumbelow_.  Nor did the court have the benefit of _Kistner_ as it was subsequently decided.  Thus, _Garcia_ is not applicable to the issue before this Court.

Mr. Arlozynski has adequately plead that the individual Defendants Arthur D. Rubin and Michael T. Debski are "debt collectors" and through their personal direction and involvement in the collection process of Rubin & Debski, P.A. have alleged a plausible claim for their violation of the FDCPA.  Thus, the Motion to Dismiss Complaint by Defendants Arthur D. Rubin and Michael T. Debski should be denied.

## V.    <u>CONCLUSION</u>

Because Mr. Arlozynski has stated a plausible claim for the individual Defendants' violation of the FDCPA, the Court should deny the Motion to Dismiss Complaint by Defendants Arthur D. Rubin and Michael T. Debski.

   s/ O. Randolph Bragg
O. Randolph Bragg
HORWITZ, HORWITZ & ASSOCIATES
25 E Washington St., Ste 900
Chicago, IL 60602
Telephone 312-372-8822
Facsimile 312-372-1673
rand@horwitzlaw.com

s/ Donald A. Yarbrough
DONALD A. YARBROUGH
Post Office Box 11842
Ft. Lauderdale, FL 33339
Telephone: 954-537-2000
Facsimile: 954-566-2235
donyarbrough@mindspring.com

ATTORNEYS FOR PLAINTIFF

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RAYMOND D. ARLOZYNSKI,
 on behalf of himself and
all others similarly situated,

        Plaintiffs,

      v.                     **Case No.: 8:09-cv-2321-VCM-AEP**

RUBIN & DEBSKI, P.A.,
ARTHUR D. RUBIN, and
MICHAEL T. DEBSKI,

        Defendants.
_____/

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that on February 24, 2010, I certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified.

                                          __s/ O. Randolph Bragg____
                                         O. Randolph Bragg

11

## **<u>SERVICE LIST</u>**

Wendy Susan Leavitt, Esq.
Marshall, Dennehey, Warner, Coleman & Goggin
Suite 500
1 East Broward Boulevard
Ft. Lauderdale, FL 33301
Telephone: 954-847-4920
Facsimile: 954-627-6640

<u>Via Notices of Electronic Filing generated by CM/ECF</u>