UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RAYMOND D. ARLOZYNSKI,

    Plaintiff,

v.

Case No. 8:09-cv-2321-T-33AEP

RUBIN & DEBSKI, P.A.,
ARTHUR D. RUBIN, and
MICHAEL T. DEBSKI,

    Defendants.
_____/

**ORDER**

This matter is before the Court pursuant to individual Defendants Arthur D. Rubin and Michael T. Debski's Motion to Dismiss (the "Motion" Doc. # 15), which was filed on February 22, 2010. Plaintiff filed a Response in Opposition to the Motion on February 24, 2010. (Doc. # 18). For the reasons that follow, the Motion will be denied.

**I.**    **Legal Standard**

On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable

inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true.") However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal citations omitted).

## II. **Factual Allegations**

Under the aforementioned standard, this Court accepts as true the following facts, as set forth in Plaintiff's complaint. Plaintiff, a Pasco County, Florida consumer was contacted by various employees of Defendant Rubin & Debski, P.A., in an effort to collect "an alleged debt arising from Target credit card transactions incurred for personal, family, or household purposes." (Doc. # 1 at ¶ 10). The individual callers who attempted to collect the debt from

Plaintiff left at least eight voice mail phone messages for Plaintiff in which such callers "failed to inform Plaintiff in the telephone messages that the communication was from a debt collector and failed to disclose the purpose of [the] telephone messages." (Doc. # 1 at ¶ 14). For example, on November 19, 2008, the following message was left on Plaintiff's voice mail: "This message is for Raymond Arlozynski. Please call Tangy Bryant with Rubin & Debski at 877-815-4829. Thank you." (Doc. # 1 at ¶ 11).[1]

In addition to Tangy Bryant, the complaint lists the following callers from Defendant Rubin & Debski, P.A.: Karlina Magnum, Pat Rogers, Jessica Zamora, "Julie," and Joy Conklin. (Doc. # 1 at ¶ 11). Plaintiff alleges that the individual Defendants, Arthur D. Rubin and Michael T. Debski, "control and direct the debt collection practices of Defendant Rubin & Debski, P.A. including the content of the telephone messages." (Doc. # 1 at ¶ 15).

On November 13, 2009, Plaintiff filed a purported class action complaint against Defendants alleging violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (the "FDCPA") (Doc. # 1). Individual Defendants Arthur

---

[1] The complaint replicates the phone messages in full.

D. Rubin and Michael T. Debski seek dismissal of the complaint with prejudice to the extent that it is asserted against them in the individual capacities.

**III. <u>Analysis</u>**

"The Fair Debt Collection Practices Act prohibits 'debt collector[s]' from making false or misleading representations and from engaging in various abuses and unfair practices. . . . The Act's definition of the term 'debt collector' includes a person 'who regularly collects or attempts to collect, directly or indirectly, debts owed to another.'" <u>Heintz v. Jenkins</u>, 514 U.S. 291, 293 (1995)(citing 15 U.S.C. § 1692a(6)).

In this case, the individual Defendants seek an order dismissing them from this suit with prejudice under the argument that they are "officers and directors of Defendant Rubin & Debski, P.A." and are not debt collectors. (Doc. # 15 at 1). The individual Defendants point to the fact that the complaint did not allege that the individual Defendants made debt collection calls to Plaintiff.

The individual Defendants rely on <u>Pettit v. Retrieval Masters Creditors Bureau, Inc.</u>, 211 F.3d 1057, 1059 (7th Cir. 2000), which held, "Because such individuals do not

become 'debt collectors' simply by working for or owning stock in debt collection companies, . . . the Act does not contemplate personal liability for shareholders or employees of debt collection companies who act on behalf of those companies, except perhaps in limited circumstances where the corporate veil is pierced."[2]

The individual Defendants also point to the following language in Garcia v. Jefferson Capital Systems, LLC, case 8:05-cv-1967-T-23EAJ, 2007 U.S. Dist. LEXIS 33995, at *4 n.2 (M.D. Fla. May 9, 2007):

> [T]o the extent that the plaintiffs sue Baker by virtue of his position as sole shareholder of BSL, Baker avoids personal liability for BSL's alleged . . . FDCPA violations. . . . "No language in the FDCPA would suggest that Congress intended the act to supplant corporate law which generally limits the liability of a corporation's shareholders, officers, and directors."

Id. (citing Ernst v. Riddle, P.C., 964 F. Supp. 213, 216 (M.D. La. 1997)).

---

[2] Along the same lines, the Seventh Circuit held in White v. Goodman, 200 F.3d 1016, 1019 (7th Cir. 2000) that "The Fair Debt Collection Practices Act is not aimed at the shareholders of debt collectors operating in the corporate form unless some basis is shown for piercing the corporate veil. . . . The joinder of these defendants illustrates the all-too-common abuse of the class action as a device for forcing the settlement of meritless claims and is thus a mirror image of the abusive tactics of debt collectors at which the statute is aimed."

Plaintiff, on the other hand, relies on opposing case law such as <u>Ditty v. CheckRite, Ltd.</u>, 973 F. Supp. 1320, 1337-38 (D. Utah 1997) ("While it is generally true that a corporate officer or director may be held personally liable only for his or her tortious conduct, when that office[r] or director is also a 'debt collector,' he or she may be held personally liable for violations of the FDCPA") and <u>Brussels v. Newman</u>, 06-61325-CIV-COHN/SNOW, 2007 U.S. Dist. LEXIS 14006, at *3-5 (S.D. Fla. Feb 28, 2007)("In determining whether an individual can be sued for violation of the FDCPA, it is irrelevant whether the person attempts to collect the debt under the auspices of a law firm or other corporation. Rather, the issue is whether the individual defendant acted as a 'debt collector'").

After reviewing all relevant case law cited by the parties and after conducting independent research, the Court determines that the holding in <u>Brussels</u> is most applicable to the factual allegations of the present case. In <u>Brussels</u>, the court denied a Rule 12(b)(6), Fed.R.Civ.P., motion to dismiss because the plaintiff alleged that defendant Newman "acted as a 'debt collector' in an individual capacity . . . regardless of the existence of

David E. Newman, P.A." Brussels, 2007 U.S. Dist. LEXIS at * 2-5.

In the present case, Plaintiff alleged in the complaint that the individual Defendants "control and direct the debt collection practices of Defendant Rubin & Debski, P.A., including the content of the telephone messages." (Doc. # 1 at ¶ 15). Accepting the facts of the complaint as true for purposes of resolving the Motion, the court finds that the case was properly pled against the individual Defendants in their individual capacities. The individual Defendants' actions, as alleged in the complaint, may subject them to personal liability under the Fair Debt Collection Practices Act, regardless of the fact that they acted under the auspices of a corporate entity. This interpretation is also consistent with the FDCPA's definition of a debt collector as an individual who "directly or indirectly" collects or attempts to collect debts owed to another. 15 U.S.C. § 1692a(6).

Thus, the Court determines that Plaintiff sufficiently alleged that the individual Defendants acted as debt collectors, and the Court denies the Motion.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

The Individual Defendants Arthur D. Rubin and Michael T. Debski's Motion to Dismiss (Doc. # 15) is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 7th day of May, 2010.

*[Signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:

All Counsel of Record