UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RAYMOND D. ARLOZYNSKI,
 on behalf of himself and
all others similarly situated,

      Plaintiff,

   v.          **Case No.: 8:09-cv-2321**

RUBIN & DEBSKI, P.A.,
ARTHUR D. RUBIN, and
MICHAEL T. DEBSKI,

      Defendants.
_____/

**JOINT MOTION FOR CLASS CERTIFICATION**

  Plaintiff Raymond D. Arlozynski and Defendants Rubin & Debski, P.A., Arthur D. Rubin, and Michael T. Debski, respectfully request that the Court enter an order certifying this case as a class action defined as (i) all Florida residents to whom Defendants left a telephone message (ii) in which Defendants, failed to state it is from a debt collector, and/or that it was an attempt to collect a debt (iii) in an attempt to collect a debt incurred for personal, family, or household purposes allegedly due Target (iv) during the one year period prior to the filing of the complaint in this matter through the date of class certification.

1

In support of this motion, the parties state the following:

1. Plaintiff filed this purported class action pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq.* ("FDCPA").

2. Plaintiff alleges that the policy and practice of Defendants is or was to leave telephone messages with residents of the state of Florida which violate the FDCPA by failing to indicate that the call is from a debt collector and/or state that the purpose of the call is to collect a debt.

3. All requirements of Rule 23 of the Federal Rules of Civil Procedure have been met.

4. Defendants have responded that 2,367 telephone messages similar to those received by Mr. Arlozynski may have been left with Florida residents since November 13, 2008 (one year prior to the filing date of this litigation).

5. Plaintiff alleges that there are questions of law and fact common to the class, which common issues predominate over any issues affecting only individual class members. The factual issue common to each class member is that each was left a telephone message similar to those left for Mr. Arlozynski. The principal legal issues are whether Defendants' telephone messages violate the FDCPA.

6. There are no individual issues other than identifying class members which may be accomplished through a review of Defendants' records. All of the debts involved are those incurred for personal, family, or household purposes.

7. Plaintiff's claims are typical of those of the class members. All are based on the same facts and the same legal theories.

8. Mr. Arlozynski will fairly and adequately protect the interests of the class. He has retained counsel experienced in handling actions involving unlawful practices under the FDCPA and class actions. Neither Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue their action.

9. Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, a class action is a superior method for the fair and efficient adjudication of this controversy in that:

    a. Congress specifically contemplated FDCPA class actions as a principal means of enforcing the statute. 15 U.S.C. §1692k(a)(2)(B) and §1692k(b)(2).

    b. Most of the class members are not aware of their rights and have no knowledge that their rights are being violated by illegal collection

practices.

        c.      The interest of class members to individually control the litigation is small because the maximum statutory damages in an individual action are $1,000.

        d.      Management of this class action is likely to present significantly fewer difficulties than those presented in many class claims, *e.g.*, securities fraud.

        10.     These grounds are further explained and supported by the accompanying memorandum of law.

   S/ O. Randolph Bragg
O. Randolph Bragg
HORWITZ, HORWITZ & ASSOCIATES
25 East Washington Street, Suite 900
Chicago, IL 60602
(312) 372-8822
rand@horwitzlaw.com

DONALD A. YARBROUGH, ESQ.
Attorney for Plaintiff
Post Office Box 11842
Ft. Lauderdale, FL 33339
Telephone: 954-537-2000
donyarbrough@mindspring.com

**ATTORNEYS FOR PLAINTIFF**


/s/ Craig S. Hudson
Craig S. Hudson (Fla. Bar No. 27940)
cshudson@mdwcg.com
Wendy S. Leavitt (Fla. Bar No. 908819)
wsleavitt@mdwcg.com
*Attorneys for Defendants*
MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN
1 East Broward Boulevard, Suite 500
Ft. Lauderdale, Florida 33301
Telephone: (954) 847-4920
Facsimile: (954) 627-6640

**ATTORNEYS FOR DEFENDANTS**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RAYMOND D. ARLOZYNSKI,
 on behalf of himself and
all others similarly situated,

        Plaintiffs,

    v.                          **Case No.: 8:09-cv-2321-VCM-AEP**

RUBIN & DEBSKI, P.A.,
ARTHUR D. RUBIN, and
MICHAEL T. DEBSKI,

        Defendants.
_____/

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that on <u>May 17, 2010</u>, I certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified.

                                                    <u>s/Donald A. Yarbrough</u>
                                                    Donald A. Yarbrough, Esq.

## SERVICE LIST

Wendy Susan Leavitt, Esq.
Marshall, Dennehey, Warner, Coleman & Goggin
Suite 500
1 East Broward Boulevard
Ft. Lauderdale, FL 33301
Telephone: 954-847-4920
Facsimile: 954-627-6640

<u>Via Notices of Electronic Filing generated by CM/ECF</u>