UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RAYMOND D. ARLOZYNSKI,
 on behalf of himself and
all others similarly situated,

                Plaintiff,

             v.                              **Case No.: 8:09-cv-2321**

RUBIN & DEBSKI, P.A.,
ARTHUR D. RUBIN, and
MICHAEL T. DEBSKI,

                Defendants.
_____/

**MEMORANDUM IN SUPPORT OF**
**JOINT MOTION FOR CLASS CERTIFICATION**

**I.    NATURE OF THE CASE**

Plaintiff Raymond D. Arlozynski filed this case as a class action against Defendants Rubin & Debski, P.A., Arthur D. Rubin, and Michael T. Debski for leaving telephone messages which fail to state that the call is from a debt collector and/or that the purpose of the call was to collect a debt allegedly in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* (hereinafter "FDCPA").

1

The parties jointly move the Court to certify this litigation to proceed on behalf of a class is defined as (i) all Florida residents for whom Defendants left a telephone message (ii) in which Defendants failed to state the call was from a debt collector, and/or that the call was to collect a debt (iii) in an attempt to collect a debt incurred for personal, family, or household purposes allegedly due Target (iv) during the one year period prior to the filing of the complaint in this matter through the date of class certification.

This Memorandum is submitted in support of Plaintiff's Motion for Class Certification.

## II.     PLAINTIFF'S CLAIMS

### A.     DEFENDANTS' TELEPHONE MESSAGES VIOLATE THE FDCPA.

The FDCPA prohibits "the failure to disclose . . . that the communication is from a debt collector." 15 U.S.C. §1692e(11).  Edwards v. Niagara Credit Solutions, Inc., 584 F.3d 1350 (11th Cir. 2009).; Drossin v. National Action Financial Services, Inc., 641 F.Supp.2d 1314 (S.D.Fla. 2009); *Begin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M.D. Fla. 2006).

Defendants' telephone messages to Mr. Arlozynski and the class members failed to state that the call was from a debt collector. Accordingly, Mr.

Arlozynski asserts that Defendants' telephone messages violated 15 U.S.C. §1692e(11). Other district courts have certified similar FDCPA cases to proceed as a class action on conduct similar to that alleged here. *Drossin v. National Action Financial Services, Inc.*, 255 F.R.D. 608 (S.D.Fla.,2009); *Drinkman v. Encore Receivable Mgmt.*, 2007 WL 4458307, 2007 U.S. Dist. LEXIS 89514 (W.D.Wisc., Dec. 3, 2007).

    B.    **NO ISSUES OF INTENT OR RELIANCE EXIST.**

Whether Mr. Arlozynski or any other class member was misled is not an element of this cause of action. "The question is not whether the plaintiffs were deceived or misled, but rather whether an unsophisticated consumer would have been misled." *Beattie v. D.M. Collections, Inc.*, 754 F. Supp. 383, 392 (D. Del. 1991).

    C.    **STANDARD FOR CLASS CERTIFICATION.**

In order for a class to be certified, all four requirements of Rule 23(a) must be satisfied along with one of the three categories of Rule 23(b). *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 117 S.Ct. 2231, 2245, 138 L.Ed.2d 689 (1997). In deciding a motion for class certification, the court must accept all allegations of the complaint as true. *Neumont v. State of Florida*, 198 F.R.D. 554, 557 (S.D. Fla. 2000). "Rule 23 must be liberally interpreted" and read to "favor

maintenance of class actions". <u>King v. Kansas City Southern Industries</u>, 519 F.2d 20, 25-26 (7th Cir. 1975). Congress expressly recognized the propriety of a class action under the FDCPA by providing special damage provisions and criteria in 15 U.S.C. §1692k(a) and (b) for FDCPA class action cases. In deciding whether to certify a class, a district court has broad discretion. <u>Washington v. Brown & Williamson Tobacco Corp.</u>, 959 F.2d 1566, 1669 (11th Cir. 1992).

### D. THE PROPOSED CLASS MEETS THE REQUIREMENTS FOR CERTIFICATION.

#### 1. RULE 23(a)(1)–NUMEROSITY.

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." However, impracticable does not mean impossible. <u>Fuller v. Becker & Poliakoff, P.A.</u>, 197 F.R.D. 697, 699 (M.D.Fla. 2000).

Defendants admit having placed 2,367 telephone messages regarding Target accounts.  See Defendants' Supplemental and Amended Responses, Request for Admissions No. 13-18.  Thus, this practices of Defendants meets the numerosity requirement of Rule 23(a).  "When the class is large, numbers alone are dispositive..." <u>Riordan v. Smith Barney</u>, 113 F.R.D. 60, 62 (N.D. Ill. 1986). However, where the class numbers 25 or more, joinder is usually impracticable.

*Armstead v. Pingree*, 629 F.Supp. 273, 279 (M.D. Fla. 1986) (25 sufficient). "A class may proceed upon estimates as to the size of the proposed class." *In re Alcoholic Beverages* Litigation, 95 F.R.D. 321 (E.D.N.Y. 1982). "The Court finds that joinder of roughly 200 parties would be impracticable considering their locations are in several different areas." *Fuller v. Becker & Poliakoff, P.A.*, supra at 699-700. See: *Agan v. Katzman & Korr*, 222 F.R.D. 692, 696-97 (S.D.Fla. 2004). "[W]here the exact size of the class is unknown, but it is general knowledge or common sense that it is large, the court will take judicial notice of this fact and will assume joinder is impracticable." 3 *Newberg on Class Actions* (4th ed. 2002), § 7.22. The requirements of the Rule 23(a)(1) has been satisified.

### 2. RULE 23(a)(2)–COMMONALITY.

Rule 23(a)(2) of the Federal Rules of Civil Procedure requires that there be a common question of law or fact. Not all factual or legal questions raised in the litigation need to be common so long as at least one issue is common to all class members. *Armstead v. Pingree*, supra at 280; *Pottingar v. City of Miami*, 720 F. Supp. 955, 958 (S.D. Fla. 1989). "A sufficient nexus is established if the claims or defenses of the class and the class representatives arise from the same event or pattern or practice and are based on the same legal theory." *Kornburg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984).

"Common nuclei of fact are typically manifest where, like in the case sub judice, the defendants have engaged in standardized conduct towards members of the proposed class by mailing to them allegedly illegal form letters or documents." _Keele v. Wexler_, 149 F.3d 589, 594 (7th Cir. 1998).

Here Mr. Arlozynski and each class member received a telephone message from Defendants which failed to state that the call was from a debt collector. "To establish commonality, it is sufficient that Plaintiff allege that all class members received the same collection letter." _Swanson v. Mid Am, Inc._, 186 F.R.D. 665, 668 (M.D. Fla. 1999). "The very definition of this class logically involves common questions, such as whether the subject collection letter violates 15 U.S.C. §1692g." _Macarz v. Transworld Systems, Inc._, 193 F.R.D. 46, 49 (D.Conn. 2000). As explained in Section II-B, the principal legal issue is whether Defendants' telephone messages violated the FDCPA. Defendants have admitted that the messages left on Mr. Arlozynski's answering machine were consistent with the standard phone messages that Defendant Rubin Debski, P.A.'s employees were instructed to leave. FDCPA claims based on standard language or standard practices are well suited for class certification. _Drossin v. National Action Financial Services, Inc._, 255 F.R.D. 608, 615-16 (S.D.Fla. 2009); _Swanson v. Mid Am, Inc._, supra at 668.

The commonality requirement of Rule 23(a)(2) has been satisified.

### 3. RULE 23(a)(3)–TYPICALITY.

Rule 23(a)(3) of the Federal Rules of Civil Procedure requires that the claims of the named plaintiff be typical of the claims of the class. A claim is typical if it arises from the same practices that give rise to the claims of other class members and his or her claims are based on the same legal theory. *Appleyard v. Wallace*, 754 F.2d 955, 958 (11th Cir. 1985); *Kornburg v. Carnival Cruise Lines, Inc.*, supra at 1337. See: *Agan v. Katzman & Korr*, supra at 698-99.

In the instant case, typicality is inherent in the class definition, *i.e.*, each of the class members received a similar telephone message which failed to state that the call was from a debt collector. See: *Fuller v. Becker & Poliakoff, P.A.*, supra at 700. Therefore, the typicality requirement of Rule 23(a)(3) has been met because each of the class members was subjected to the same violations as Mr. Arlozynski.

Thus, the commonality requirement of Rule 23(a)(3) has been satisified.

### 4. RULE 23(a)(4)–ADEQUACY OF REPRESENTATION.

Rule 23 of the Federal Rules of Civil Procedure also requires that the named plaintiff provide fair and adequate protection of the interests of the class.

"Under this criterion, the named plaintiffs must ensure that (1) no conflict of interest exists between them and the putative class members and that (2) the action will be vigorously prosecuted." *Israel v. Avis Rent-a-Car Sys.*, 185 F.R.D. 372, 380 (S.D.Fla. 1999).

Mr. Arlozynski understands his responsibilities as the class representative. See the Declaration of Raymond D. Arlozynski in Support of Plaintiff's Motion for Class Certification, filed separately. Plaintiff is represented by counsel experienced with the handling of consumer class actions. See Declaration of Donald A. Yarbrough in Support of Class Certification and Declaration of O. Randolph Bragg in Support of Class Certification, filed separately. "The Declaration of O. Randolph Bragg shows and Defendants concede that Plaintiff's counsel, O. Randolph Bragg, is qualified to conduct class action litigation." *Swanson v. Mid Am, Inc.*, supra at 668. In another decision certifying an FDCPA to proceed as a class action, Mr. Bragg was described with along with his co-counsel as "highly experienced attorneys, with a significant history of class action litigation experience between them." *Acik v. I.C. System, Inc.*, 251 F.R.D. 332, 336 (N.D.Ill. 2008). "Moreover, Bragg's ability to serve as counsel in class actions and consumer suits has been recognized in other courts." *Borcherding-Dittloff v. Transworld Systems, Inc.*, 185 F.R.D. 558, 563-64

(W.D.Wis. 1999); <u>Brink v. First Credit Resources</u>, 185 F.R.D. 567, 571 (D.Ariz. 1999). Mr. Bragg "has served as counsel in many class action and consumer suits." <u>Van Vels v. Premier Ath. Ctr.</u>, 182 F.R.D. 500, 511 (W.D.Mich. 1998).

A relevant consideration under Rule 23(a)(4) is whether the interests of the named plaintiff are coincident with the general interests of the class. Here Plaintiff and the class members seek statutory damages as the result of Defendants' unlawful telephone messages. Given the identical nature of the claims between Mr. Arlozynski and the class members, there is no potential for conflicting interests in this action. There is no antagonism between the interests of the Plaintiff and those of the class.

The Rule 23(a)(4) representativeness requirement has been satisfied. Raymond D. Arlozynski should be appointed as the class representative. Also, pursuant to Rule 23(g), the Court is requested to appoint Donald A. Yarbrough and O. Randolph Bragg as class counsel.

### 5. RULE 23(b)(3) – COMMON QUESTIONS OF LAW OR FACT PREDOMINATE.

Rule 23(b)(3) of the Federal Rules of Civil Procedure requires that the questions of law or fact common to all members of the class predominate over questions pertaining to individual members. "The predominance issue under Rule

23(b)(3) is whether the questions of law or fact common to the members of the class predominate over any questions affecting only individual members." *Carter v. West Publ. Co.*, No. 97-2537-CIV-T-26A, 1999 WL 376502, *7, 1999 U.S. Dist. LEXIS 8231, at *22 (M.D. Fla. 1999). The U.S. Supreme Court stated that "predominance is a test readily met in certain cases alleging consumer...fraud..." *Amchem Products, Inc.v. Windsor*, supra 117 S.Ct. at 2246.

In this case, the "common nucleus of operative fact" is that all class members, by definition, received telephone message(s) from Defendants which failed to state that the call was from a debt collector and thereby were subjected to the same violations of the FDCPA as Mr. Arlozynski. Cases dealing with the legality of standardized documents and practices are generally appropriate for resolution by class action because the document is the focal point of the analysis. *Drossin v. National Action Financial Services, Inc.*, 255 F.R.D. 608 (S.D.Fla.,2009); *Swanson v. Mid Am, Inc.*, supra at 668.

Because of the standardized nature of Defendants' conduct, common questions predominate. The only individual issue is whether the individual Target credit card debt was for personal, family, or household purposes. Defendants are willing to agree for purposes of this motion that each member of the potential class falls within the purview of the FDCPA.

### 6. RULE 23(b)(3)–CLASS ACTION IS SUPERIOR TO OTHER AVAILABLE METHODS TO RESOLVE THIS CONTROVERSY.

"The superiority issue is whether a class action is superior to other available methods for the fair and efficient adjudication of the controversy." <u>Carter v. West</u>, <u>supra</u> at *21. Efficiency is the primary focus in determining whether the class action is the superior method for resolving the controversy presented. "[T]he class action procedure allows for the efficient and economical litigation of a question potentially affecting every class member." <u>Kelly v. Sabretech Inc.</u>, 1999 U.S. Dist. LEXIS 15445, *8-*9 (S.D. Fla. 1999). The Southern District of Florida found that "a class action is the superior method for adjudicating the claims of the Plaintiffs." <u>Id.</u> at *17. Also, see: <u>Drossin v. National Action Financial Services, Inc.</u>, <u>supra</u> 255 F.R.D. at 618.

The Court is required to determine the best available method for resolving the controversy in keeping with judicial integrity, convenience, and economy. <u>Scholes v. Stone, McGuire & Benjamin</u>, 143 F.R.D. 181, 184 (N.D. Ill. 1992). It is proper for a court, in deciding the "best" available method, to consider the "...inability of the poor or uninformed to enforce their rights, and the improbability that large numbers of class members would possess the initiative to litigate individually." <u>Haynes v. Logan Furniture Mart, Inc.</u>, 503 F.2d 1161, 1165

(7th Cir. 1974).

"In determining superiority, courts also consider the anticipated amount of recovery for each plaintiff. Class actions are particularly appropriate where multiple lawsuits would not be justified because of the small amount of money sought by the individual plaintiff. See Advisory Committee Note to 1996 Amendment to Rule 23." <u>Israel v. Avis Rent-a-Car Sys.</u>, <u>supra</u> at 387. For an FDCPA claim, the class recovery of statutory damages is the lesser of $500,000 or 1% of Defendants' net worth. 15 U.S.C. §1692k(a)(2)(B). Rule 23(b)(3) is satisfied because of the factual link between all class members and the defendants for which the law provides a remedy. <u>Fuller v. Becker & Poliakoff, P.A.</u>, <u>supra</u> at 700-01. Class certification of this FDCPA action will provide an efficient and appropriate resolution of the controversy.

Thus, the preponderance and superiority elements of Rule 23(b)(3) have been met.

### III. **CONCLUSION.**

The proposed class meets the requirements of Rules 23(a) as well as Rule 23(b)(3). The parties respectfully request that the Court certify this action as a class action.

  S/ O. Randolph Bragg
O. Randolph Bragg
HORWITZ, HORWITZ & ASSOCIATES
25 East Washington Street, Suite 900
Chicago, IL 60602
(312) 372-8822
rand@horwitzlaw.com

DONALD A. YARBROUGH, ESQ.
Attorney for Plaintiff
Post Office Box 11842
Ft. Lauderdale, FL 33339
Telephone: 954-537-2000
donyarbrough@mindspring.com

**ATTORNEYS FOR PLAINTIFF**


/s/ Craig S. Hudson
Craig S. Hudson (Fla. Bar No. 27940)
cshudson@mdwcg.com
Wendy S. Leavitt (Fla. Bar No. 908819)
wsleavitt@mdwcg.com
MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN
1 East Broward Boulevard, Suite 500
Ft. Lauderdale, Florida 33301
Telephone: (954) 847-4920
Facsimile: (954) 627-6640

**ATTORNEYS FOR DEFENDANTS**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RAYMOND D. ARLOZYNSKI,
 on behalf of himself and
all others similarly situated,

        Plaintiffs,

        v.        **Case No.: 8:09-cv-2321-VCM-AEP**

RUBIN & DEBSKI, P.A.,
ARTHUR D. RUBIN, and
MICHAEL T. DEBSKI,

        Defendants.
_____/

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that on <u>May 17, 2010</u>, I certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified.

                                             s/Donald A. Yarbrough
                                             Donald A. Yarbrough, Esq.

## SERVICE LIST

Wendy Susan Leavitt, Esq.
Marshall, Dennehey, Warner, Coleman & Goggin
Suite 500
1 East Broward Boulevard
Ft. Lauderdale, FL 33301
Telephone: 954-847-4920
Facsimile: 954-627-6640

<u>Via Notices of Electronic Filing generated by CM/ECF</u>