UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RAYMOND D. ARLOZYNSKI, on behalf
of himself and all others
similarly situated,

      Plaintiffs,

v.                        Case No. 8:09-cv-2321-T-33AEP

RUBIN & DEBSKI, P.A., ARTHUR D.
RUBIN, and MICHAEL T. DEBSKI,

      Defendants.
_____/

**ORDER**

This cause comes before the Court pursuant to Final

Fairness Hearing conducted by the undersigned on May 20, 2011,

in this Fair Debt Collections Practices Act case.  For the

reasons stated herein and at the hearing, the Court approves

the class action settlement in a manner consistent with the

following analysis.[1]

**I.   Background**

This case was initiated by Raymond D. Arlozynski, on

behalf of himself and all others similarly situated, against

Rubin & Debski, PA, Arthur D. Rubin, and Michael T. Debski on

November 13, 2009.  (Doc. # 1). Plaintiffs allege that

Defendants are debt collectors, that Defendants regularly use

---

[1] To the extent not otherwise defined herein, all capitalized terms shall have the same meaning as used in the parties' Settlement Agreement. (Doc. # 52-1).

the mails and the telephone in a business the principal purpose of which is to collect debts, and that Defendants failed to inform the consumers that the purpose of the telephone calls in question was to collect a debt or that the calls were from a debt collector in violation of the Fair Debt Collection Practices Act. 15 U.S.C. § 1692, et seq.

On May 17, 2010, the parties jointly moved to certify the action as a class action. (Doc. # 25). After considering the motion (Doc. # 25), the detailed memorandum (Doc. # 26), and the declarations on file (Doc. # 27-29), the Court granted the unopposed motion to certify the action as a class action. (Doc. # 34).

On December 14, 2010, Plaintiffs filed a notice of settlement (Doc. # 49), and on January 28, 2011, the parties filed a Joint Motion for Court Approval of the Class Action Settlement. (Doc. # 52). On February 3, 2011, this Court entered an Order that, among other things, preliminarily approved the settlement and scheduled the fairness hearing. (Doc. # 53).

The settlement class is: "(i) all Florida residents to whom Defendants left a telephone message (ii) in which Defendants failed to state it is from a debt collector, and/or that it was an attempt to collect a debt (iii) in an attempt

to collect a debt incurred for personal, family, or household purposes allegedly due to Target National Bank/Target Visa (iv) during the one year period prior to the filing of the complaint in this matter through the date of class certification." (Doc. # 52-1 at 3).  Donald A. Yarbrough, Esq. and O. Randolph Braggs, Esq. are Class Counsel.   The Class Representative is Raymond D. Arlozynski.

Any member of the class who did not wish to be bound by the settlement agreement was required to opt out of the settlement by April 12, 2011. (Doc. # 53 at 2).  According to the affidavit of the claims administrator, only one person opted out of the settlement. (Doc. # 57).

The Court set the deadline of April 12, 2011, to file an objection to the settlement and there were no objections to the settlement.  No one filed an objection to the settlement, and no one appeared at the final fairness hearing to state an objection to the settlement.

II.  **Final Fairness Hearing**

A district court's adoption of a class action settlement is governed by Federal Rule of Civil Procedure 23(e).  That rule requires that the settlement be "fair, reasonable and adequate."  During the final fairness hearing, the Court considered the factors enumerated by the Eleventh Circuit in

Bennett v. Behring Corp., 737 F.2d 982, 986 (11th Cir. 1984)

and required counsel to address the following questions as

framed by the Bennett court:

(1)   What is the likelihood of success at trial?
(2)   What is the range of possible recovery?
(3)   What is the point on or below the range of possible recovery at which a settlement is fair, adequate, and reasonable?
(4)   What is the level of complexity, expense, and duration of the litigation?
(5)   Is there any opposition to the settlement?
(6)   At what stage of the proceedings was the settlement reached?

In addition to the aforementioned questions, the Court

required counsel to address the questions listed in the Manual

for Complex Litigation, Fourth, § 21.62, including, but not

limited to:

(1)   What are the advantages of the proposed settlement versus the probable outcome of a trial on the merits of liability and damages as to the claims, issues, or defenses of the class and individual class members?
(2)   What is the probable time, duration, and cost of trial?
(3)   What is the extent of participation in the settlement negotiations by class members or the class representative, and by the Court?
(4)   What effect will this settlement have on other pending actions?
(5)   Please describe the reasonableness of the provisions for attorney fees, including agreements on the division of fees among the attorneys and the terms of any agreements affecting the fees to be charged for representing individual claimants or objectors.

(6)   Is the named Plaintiff receiving an
      inappropriately different remedy than the
      other class members?
(7)   Is the settlement amount much less than the
      estimated damages incurred by members of the
      class as indicated by preliminary discovery or
      other objective measures, including settlement
      or verdicts in individual cases?
(8)   Was the settlement completed at an early stage
      of the
      litigation without discovery and with
      uncertainties remaining?
(9)   Does the defendant have an incentive to
      restrict payment of claims because the
      defendants may reclaim residual funds?
(10)  Are attorney's fees so high in relation to the
      actual class recovery that the fees suggest a
      possibility of collusion?
(11)  Should this case be dismissed with prejudice
      pursuant to the terms of the Settlement or
      should this Court retain jurisdiction?

Counsel provided thorough and complete answers to each of

the Court's above-described inquiries.  Counsels' responses

provide the Court with a firm basis for approving the

settlement as fair, reasonable, and adequate.  In addition,

the fact that not a single objection was raised lends support

to the fairness of the settlement.

After hearing from both sides on the issues noted above

during the final fairness hearing, and after conducting an

independent review of each item in the record, the Court finds

that it is appropriate to approve the settlement.  In

addition, the Court makes the following findings and issues

the following directives concerning this class action settlement:

(1) The provisions for Class Notice satisfy the requirements of Rule 23, Fed. R. Civ. P., and due process.

(2) The settlement is fair, reasonable, adequate, and made in good faith.

(3) The Court approves the Settlement Agreement, including the Release contained therein, which shall take effect on the Effective Date.

(4) The Court finds that the Class preliminarily certified in the preliminary approval order meets all of the requirements of Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure.  The Court therefore finally certifies the Class as defined above.

(5) Pursuant to the Settlement Agreement, First Class, Inc. shall, within 20 days of the Effective Date, issue to each Class Member who did not opt out and who can be located, a check in the amount of $4.86, representing each Class member's pro rata share of the $10,000.00 Class Fund.  First Class will administer payment to the Class.

(6)   Defendants shall pay Plaintiff $1,000.00 in statutory damages and an additional $2,000.00 for his services as Class Representative, to total $3,000.00, within 20 days of the Effective Date.

(7)   Pursuant to the Settlement Agreement, Class Counsel is entitled to an award of their reasonable fees and costs from Defendants, which is over and above, and separate from, the Class Fund.  Counsel for the parties have agreed to work in good faith to agree upon that amount. In the event that the parties do not reach an agreement as to a reasonable amount of attorneys' fees and costs, Class Counsel shall petition the Court for an award within 60 days of the date of this Order.[2]

(8)   This case is hereby dismissed.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

1.   The Court **GRANTS** Final Approval of the Class Action Settlement as specified above.

2.   This case is hereby dismissed.

---

   [2] The Court declines to retain jurisdiction over this matter.  However, Class Counsel may file a motion for attorneys' fees and costs within 60 days of the date of this Order regardless of whether, at the time Class Counsel submit the motion, this case has been closed by the Clerk.

3.    The Clerk is directed to **CLOSE THE CASE**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>3rd</u>

day of June 2011.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: All Counsel of Record