UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RAYMOND D. ARLOZYNSKI,
on behalf of himself and
all others similarly situated,

                                          Case No.: 8:09-cv-2321

                     Plaintiff,

                     v.

RUBIN & DEBSKI, P.A.,
ARTHUR D. RUBIN, and
MICHAEL T. DEBSKI,

                     Defendants.
_____/

**MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION FOR
<u>AN AWARD OF ATTORNEYS' FEES AND EXPENSES</u>**

Pursuant to Rule 54(d)(2) of the Federal Rules of Civil Procedure, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(a)(3), Plaintiff Raymond D. Arlozinski moves this Court for an award of attorney fees and litigation expenses payable by Defendants Rubin & Debski, P.A., Arthur D. Rubin, and Michael T. Debski.

**I.    PROCEDURAL HISTORY**

On November 13, 2009 Plaintiff commenced this class action alleging Defendant violated the FDCPA. (Docket No. 1.) By Order of May 7, 2010 the

1

Court denied Defendants' Motion to Dismiss, (Document 23.) By Order of June 4, 2010 the Court granted Joint Motion for Class Certification. (Document 34.)

On February 3, 2011, the Court granted Preliminarily Approval of the Class Settlement Agreement and directed that Notice of the proposed class settlement be sent to the class. (Document 53.) The Court granted Final Approval of the Class Settlement on June 3, 2011. (Document 60.)

## II. STATEMENT OF FACTS

In this litigation, Plaintiff Raymond D. Arlozynski and the Class were represented by Donald A. Yarbrough and O. Randolph Bragg.

Mr. Yarbrough, an attorney with over 10 years of experience, expended 27.34 hours in representation of Plaintiff. See Exhibit A to Declaration of Donald A. Yarbrough in Support of Plaintiff's Motion for an Award of Attorney's Fees and Expenses filed separately. The reasonable hourly rate for an attorney of Mr. Yarbrough's experience is $350.00 per hour. Declaration of Donald A. Yarbrough, # 13. An amount totaling $9,569.00 is sought as attorney fees for Mr. Yarbrough's representation of Plaintiff. Exhibit A to Declaration of Donald A. Yarbrough. Mr. Yarbrough's firm expended $500.05 in litigation costs and expenses in the prosecution of this action. Exhibit B to Declaration of Donald A. Yarbrough. Mr. Yarbrough requests an award of $10,069.05 as costs and attorneys fees through July 26, 2011 plus any additional fees and expenses incurred in completing this

2

Matter.

Mr. Arlozynski was also represented by O. Randolph Bragg of Horwitz, Horwitz & Associates, Chicago, Illinois. Mr. Bragg, an attorney with over 35 years of experience, expended 63.3 hours in representation of Plaintiff. See Declaration of O. Randolph Bragg in Support of Plaintiff's Motion for an Award of Costs and Attorney Fees, Paragraph # 11 filed separately. The reasonable hourly rate for Mr. Bragg is $480.00 per hour. Paragraph # 14, Declaration of O. Randolph Bragg. A lodestar calculation for Mr. Bragg's representation of Plaintiff us of $30,384.00. Paragraph #16. Mr. Bragg's associate Craig M. Shapiro spent 0.4 hours on this litigation. Paragraph # 17. Mr. Shapiro's hourly rate is $250.00 per hour. The lodestar calculation for Ms. Carter's services is $100.00. Paragraph #15. The total fees for Mr. Bragg's firm is $30,432.00. Paragraph #__. His firm expended $10.00 in litigation expenses in the prosecution of this action. Paragraph # 18. Mr. Bragg requests an award of $30,432.00 as costs and attorneys fees plus any additional fees and expenses incurred in completing this matter. Paragraph # 19.

Plaintiff Raymond D. Arlozynski seeks an award of attorney fees totaling $40,001.00 and litigation expenses of $510.05, totaling $40,511.05 through July

26, 2011 plus any additional fees and expenses incurred in completing this matter.

### III.  STATEMENT OF QUESTION PRESENTED

Is Plaintiff Raymond Arlozynski entitled to an award of reasonable attorney fees and litigation expenses?

Plaintiff respectfully submits that this question should be answered in the affirmative.

### IV.  ARGUMENT

#### A.  PLAINTIFF RAYMOND D. ARLOZYNSKI WAS SUCCESSFUL IN THIS ACTION.

The Fair Debt Collection Practices Act requires the payment of costs and reasonable attorney's fees to a successful consumer.

> [a]ny debt collector who fails to comply with any provision of this subchapter . . . is liable to such person in an amount equal to the sum of--[actual damages] [statutory damages] and (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.

15 U.S.C. §1692k(a)(3).

In litigation pursuant to the Fair Debt Collection Practices Act, the Second Circuit stated "the award of attorney's fees to plaintiffs for a debt collector's violation of 'any provision' of the FDCPA is mandatory" *Pipiles v.*

4

*Credit Bureau of Lockport, Inc.*, 886 F.2d 22, 28 (2d Cir. 1989), citing *Emanuel v. American Credit Exchange*, 870 F.2d 805, 809 (2d Cir. 1989).  "The FDCPA's statutory language makes an award of fees mandatory." *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (*Camacho II*) (citation omitted).. "Under the FDCPA, the prevailing plaintiff is entitled to `a reasonable attorney's fee as determined by the court." 15 U.S.C. §1692k(a)(3).  Such an award is mandatory under the FDCPA." *Edwards v. National Business Factors, Inc.*, 897 F.Supp. 458, 459 (D. Nev. 1995) (citations omitted).  As the prevailing party in this case, Mr. Arlozynski is entitled to an award of costs and reasonable attorney's fees. *Thorpe v. Collection Information Bureau, Inc.*, 963 F.Supp. 1172, 1174 (S.D.Fla. 1996).

Given the structure of the section, attorney's fees should not be construed as a special or discretionary remedy; rather, the Act mandates an award of attorney's fees as a means of fulfilling Congress's intent that the Act should be enforced by debtors acting as private attorneys general. *Graziano v. Harrison*, 950 F.2d 107, 113 (3d Cir. 1991).  See also *DeJesus v. Banco Popular de Puerto Rico*, 918 F.2d 232, 235 (1st Cir. 1990).

Plaintiff Raymond D. Arlozynski is the prevailing party in this litigation.

Indeed, Mr. Arlozynski was successful on:

> Defendant's motion to dismiss, Document 23, *Arlozynski v. Rubin & Debski, P.A.*, 710 F.Supp.2d 1308 (M.D.Fla. 2010),
>
> Joint Motion for Class Certification, Document 34) *Arlozynski v. Rubin & Debski, P.A.*, 2010 WL 2243817 (M.D.Fla., June 4, 2010); and
>
> Final Approval of the Class Settlement wherein Mr. Arlozynski and the class recovered the maximum statutory damages available pursuant to 15 U.S.C. §1692k(a)(2)(B), (Document 60).

"Pursuant to the Settlement Agreement, Class Counsel is entitled to an award of their reasonable fees and costs from Defendants, which is over and above, and separate from, the Class Settlement Fund. Final Order ¶ 11. (Document 60). Also, see: Class Action Settlement Agreement ¶ 2.7. (Document 52-1).

Thus, Mr. Arlozynski is the prevailing party in this litigation.

### B. PLAINTIFF'S ATTORNEYS ARE TO BE AWARDED FEES PURSUANT TO THE LODESTAR FORMULA.

The U.S. Supreme Court has explained the calculation for an award of attorney's fees:

> The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. The

6

> calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services.

*Hensley v. Eckerhart*, 461 U.S. 424, 433; 103 S.Ct. 1933, 1939; 76 L. Ed. 2d 40 (1983); *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (*Camacho II*). See also *Thorpe v. Collection Information Bureau, Inc.*, supra at 1174. Although one of these decisions, and others cited hereinafter, arise in the context of the Civil Rights Attorney's Fees Award Act, 42 U.S.C. §1988, these criteria are equally applicable here. *Hensley v. Eckerhart*, 103 S.Ct. at 1939. "The standards set forth in this opinion are generally applicable in all cases in which Congress has authorized an award of fees to a `prevailing party.' " Id. 103 S.Ct. at 1939, n.7. "We have stated in the past that fee-shifting statutes' similar language is `a strong indication that they are to be interrupted alike." *Independent Federation of Flight Attendants v. Zipes*, 491 U.S. 754; 109 S.Ct. 2732, 2735 n.2.; 105 L. Ed. 2d 639 (1989) (quoting *Northcross v. Memphis Bd. of Education*, 412 U.S. 427, 428; 93 S.Ct. 2201, 2202; 37 L. Ed. 2d 48 (1973)). The multiplication of the reasonable number of hours expended times the reasonable hourly rate is referred to as the "lodestar." *Friend v. Kolodzieczak*, 72 F.3d 1386, 1389 (9th Cir. 1995).

Two attorneys, each with distinct roles, represented Plaintiff and the

class in this lawsuit. The personal attorney for Mr. Arlozynski was Donald A. Yarbrough.  O. Randolph Bragg was co-lead counsel and primarily responsible for both the class and merits issues and briefing of these issues.

    **1.**     **Donald A. Yarbrough**

Donald A. Yarbrough's time in this litigation totaled 24.37 hours.  This amount of time is reasonable.  The standard hourly rate of $350.00 charged by Mr. Arlozynski is appropriate for an attorney of Mr. Arlozynski's experience in this type of litigation.  Paragraph # 13, Declaration of Donald A. Yarbrough.  Mr. Yarbrough's firm also incurred $500.05 in litigation expenses of this litigation. Paragraph # 15.

The lodestar for Mr. Yarbrough's attorneys fees is $9,569.00 and litigation expenses of $500.05 for a total of $10,069.05 through July 26, 2011.  Additional fees and expenses incurred after that date in the completion of this litigation will also be sought.

    **2.**     **O. Randolph Bragg**

Plaintiff's attorney O. Randolph Bragg expended 63.3 hours during the course of this litigation.  This amount of time is reasonable.  The reasonable hourly rate for an attorney with Mr. Bragg's experience in this type of litigation is

$480.00 per hour. *Carrizosa v. Legal Recovery Services*, 2011 WL 1674964, *1 (N.D.Cal., May 3, 2011); *Hunt v Imperial Merchant Services,* 2010 WL 3958726, * 6 (N.D. Cal., Oct. 7, 2010). Paragraph # 14, Declaration of O. Randolph Bragg. As stated in earlier cases. "The court further finds that . . . and $465 an hour for Mr. Bragg are reasonable rates for attorneys with their equivalent years of experience." *Campos v. Western Dental Sevices, Inc.*, 2007 WL 2050976, *1 (N.D. Cal., July 13, 2007).  Also, see: *Carroll v. United Compucred collections*, 2008 WL 3001595 (M.D. Tenn., July 31, 2008) (awarding Mr. Bragg $450/hour). Other district courts have also commented on Mr. Bragg's experience in consumer class action litigation. *Acik v. I.C. System, Inc.*, 251 F.R.D. 332, 336 (N.D. Ill., June 11, 2008) ("O. Randolph Bragg are highly experienced attorneys, with a significant history of class action litigation experience between them."); *Abels v. JBC Legal Group, P.C.*, 227 F.R.D. 541, 545 (N.D. Cal. 2005) ("it seems clear that the lead counsel for this lawsuit, O. Randolph Bragg, has been qualified and found competent to represent similar class actions."); *Swanson v. Mid Am, Inc.*, 186 F.R.D. 665, 668 (M.D. Fla. 1999) ("The Declaration of O. Randolph Bragg shows Plaintiff's counsel, O. Randolph Bragg, is qualified to conduct class action litigation."); *Borcherding-Dittloff v. Transworld Systems, Inc.*, 185 F.R.D 558,

9

563-64 (W.D. Wis. 1999) ("Moreover, Bragg's ability to serve as counsel in class actions and consumer suits has been recognized in other courts."). The lodestar calculation for the work performed by Mr. Bragg and his associate in this litigation is $30,484.00. Mr. Bragg's firm also incurred $10.00 in litigation expenses on this litigation. See ¶¶ 11-18 of Declaration of O, Randolph Bragg.

The lodestar for Mr. Bragg's attorneys fees is $30,484.00 and litigation expenses of $10.00 for a total of $30,494.00 through July 26, 2011. Additional fees and expenses incurred after that date for the completion of this litigation will also be sought.

An award of attorneys fees in the amount of $40,053.00 and litigation expenses of $511.05 for a total of $40,563.05 through July 26, 2011 is requested for Plaintiff plus any additional fees and expenses incurred after that date in completing this litigation.

### C. THE LODESTAR MAY NOT BE REDUCED DUE TO THE AMOUNT OF THE JUDGMENT.

Plaintiff seeks an award of attorney fees based upon the lodestar formula. The defendants may, however, suggest that a lesser amount is appropriate.

### 1. Previously Established Rates Are Appropriate For Plaintiff's Counsel.

The U.S. Supreme Court has stated: "The statute and legislative history establish that `reasonable fees' under section 1988 are to be calculated according to the prevailing market rates in the relevant community, regardless of whether plaintiff is represented by private or non-profit counsel." *Blum v. Stenson*, supra, 465 U.S. at 895, 104 S. Ct. at 1547 (footnote omitted).  See: *Camacho II* at 979-81.  "In order to encourage able counsel to undertake FDCPA cases, as Congress intended, it is necessary that counsel be awarded fees commensurate with those which they could obtain by taking other types of cases Paying counsel in FDCPA cases at rates lower than those they can obtain in the marketplace is inconsistent with the congressional desire to enforce the FDCPA through private actions, and therefore misapplies the law." *Tolentino v. Friedman*, 46 F.3d 645, 652-653 (7th Cir. 1995).

### 2. The Award of Attorneys' Fees Is Not Limited by the Amount of Damages.

As long as the plaintiff is successful, *i.e.*, recovers more than nominal damages, the plaintiff should be awarded attorney fees pursuant to a lodestar calculation.  "In the absence of any indication that Congress intended to adopt a

11

strict rule that attorney's fees under section 1988 be proportionate to damages recovered, we decline to adopt such a rule ourselves." *City of Riverside v. Rivera*, 477 U.S. 561, 581; 106 S.Ct. 2686, 2697; 91 L. Ed. 2d 466 (1986) (footnote omitted). Also see: *Quaration v. Tiffany & Co.*, 166 F.3d 422 (2d Cir. 1999); *Zagorski v. Midwest Billing Services, Inc.*, 128 F.3d 1164 (7th Cir. 1997). The benefits to the public as a whole resulting from lawsuits which encourage compliance with statutory provisions are more important than relatively small damage awards. Indeed, when a provision for counsel fees is included in a regulatory act, it is a recognition that enforcement of the statute would be unlikely if an individual had to pay his or her own attorney's fees. The Court quoted Senator Tunney's remarks in the Congressional Record:

> If the citizen does not have the resources, his day in court is denied him; the congressional policy which he seeks to assert and vindicate goes unvindicated; and the entire nation, not just the individual citizen, suffers.

*City of Riverside v. Rivera*, supra at 477 U.S. at 575, 106 S.Ct. at 2694 (citation omitted). The Third Circuit amplified this thought stating:

> Congress provided fee shifting to enhance enforcement of important civil rights, consumer-protection, and environmental policies. By providing competitive rates we assure that attorneys will take such cases, and hence increase the likelihood that the congressional policy of redressing public interest claims will be vindicated.

*Student Public Interest Research Group v. AT&T Bell Laboratories*, 842 F.2d 1436, 1449 (3d Cir. 1988).  "Congress has relied on such plaintiffs to act as private attorneys general."  Id., at 1450 n.13.  Also see *Graziano v. Harrison*, 950 F.2d 107, 113 (3d Cir. 1991).

The amount of damages awarded often has borne no relation to the amount of attorney's fees granted.  "[A]ttorney's fees awarded by district courts have `frequently outrun the economic benefits ultimately obtained by successful l litigants.' " *Evans v. Jeff D.*, 475 U.S. 717, 735; 106 S.Ct. 1531, 1541; 89 L. Ed. 2d 747 (1986) (citation omitted).  Upon finding a statutory violation and damages, the attorney's fees award should be made in the lodestar amount. *Johnson v. Eaton*, 80 F.3d 148 (5th Cir. 1996).

For example, in *Armstrong v. The Rose Law Firm, P.A.*, 2002 WL 31050583 (D. Minn., Sept. 5, 2002), the district court approved the award of $43,180.00 in attorney's fees where the plaintiff recovered $1,000 in statutory damages.  The Seventh Circuit reversed a district court's denial of attorneys' fees even though the plaintiffs only recovered $100 ($50 each) as FDCPA statutory damages and remanded for determination of an award of attorneys' fees. *Zagorski v. Midwest Billing Services, Inc.*, supra.  The Southern District of Florida affirmed

the bankruptcy court's award of attorney's fees of $29,037.50 where the plaintiff recovered FDCPA statutory damages of only $1,000. *In re Martinez*, 266 B.R. 523, 544 (Bankr. S.D.Fla. 2001), *aff'd* 271 B.R. 696 (S.D.Fla. 2001).

Of course, the amount of reasonable attorneys' fees awarded pursuant to the FDCPA is left to the sound discretion of the judge. *Schimmel v. Slaughter*, 975 F.Supp. 1481, 1484 (M.D.Ga. 1997).

### D. PLAINTIFF'S ATTORNEYS ARE ENTITLED TO AN AWARD OF LITIGATION EXPENSES

Plaintiff has requested the award of litigation expenses in addition to an award of attorneys' fees. The District of Nevada stated that "plaintiffs are also entitled to an award of costs representing out-of-pocket litigation expenses . . . includ[ing] costs incurred in travel (airfare, car rental, hotels and food, gasoline and the like), telephone, postage and photocopying." *Ilick v. Miller*, 68 F. Supp. 2d 1169, 1181 (D. Nev. 1999).

The FDCPA grants the successful plaintiff "the costs of the action." 15 U.S.C. §1692k(a)(3). Long distance telephone and faxing expenses, as well as copying and postage have been awarded as costs. *Sousa v. Miguel* 32 F.3d 1370, 1374 (9th Cir. 1994). Recoverable costs include travel, photocopies, lodging,

14

postage, telephone calls, and computerized research. *Libertad v. Sanchez*, 134 F.Supp.2d 218, 236 (D.P.R. 2001). Costs may be recovered as provided for by statute as well as 28 U.S.C. §1920. See: *Lathem v. Department of Children & Youth Servs.*, 172 F.3d 786, 794 (11th Cir. 1999). Computer research costs are recoverable. *United Nuclear Corp. v. Cannon*, 564 F.Supp. 581, 591-92 (D.R.I. 1983) ("LEXIS is an essential tool of a modern, efficient law office. As such, it saves lawyers' time by increasing the efficacy of legal research. Denial of reimbursement for LEXIS charges in a proper case would be an open invitation to law firms to use high-priced attorney time to perform routing research tasks that can be accomplished quicker and more economically with LEXIS.")

Thus, Plaintiff's litigation expenses are compensable.

| PROVIDER | HOURS | RATE | ADJUSTED TOTAL |
|---|---|---|---|
| HORWITZ FIRM: | | | |
| BRAGG | 63.3 | $480 | $30,384.00 |
| SHAPIRO | 0.4 | $250 | $100.00 |
| DONALD YARBROUGH | 24.37 | $350 | $9,569.00 |
| **TOTALS** | | | **$40,053.00** |

### E.  PLAINTIFF WILL SEEK A SUPPLEMENTAL AWARD OF ATTORNEYS' FEES AND LITIGATION EXPENSES FOR TIME EXPENDED UPON THIS MOTION

Plaintiff's counsel have incurred additional time and expense in preparing these attorney fees-related documents and will continue to do so through the completion of this Motion.  Such additional time and expense are compensable. *Haitian Refugee Center v. Meese*, 791 F.2d 1489, 1500-01 (11th Cir. 1986); *Kurowski v. Krajewski*, 848 F.2d 767, 777 (7th Cir. 1988); *Jordan v. Multnomah County*, 815 F.2d 1258, 1264 (9th Cir. 1987); *David v. City of Scranton*, 633 F.2d 676 (3d Cir. 1980); *Johnson v. State of Miss.*, 606 F.2d 635, 638 (5th Cir. 1979); *Perez v. Perkiss*, supra at 891-92.  Also, see: *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 981-82 (9th Cir. 2008).  After the completion of briefing of this matter, Plaintiff's counsel will submit supplemental declarations detailing the additional time expended.

## V. CONCLUSION

Based upon the lodestar calculation, attorneys' fees should be awarded to Plaintiff's counsel in the amount of $40,053.00. Also, $510.05 litigation expenses should be awarded. Supplemental Declarations for an award of attorneys fees ans litigation expenses will be submitted one week after the completion of the briefing to account for any additional time and expense in curred in this matter..


        s/ O. Randolph Bragg
        O. Randolph Bragg
        HORWITZ, HORWITZ & ASSOC.
        25 E. Washington st., ste 900
        Chicago, IL 60602
        (312) 372-8822
        (312) 372-1673

        s/ Donald A. Yarbrough
        Donald A. Yarbrough
        2000 E. Oakland Park Blvd., Ste 105
        P.O. Box 11842
        Fort Lauderdale, FL 33306
        Telephone: (954) 537-2000

        ATTORNEYS FOR PLAINTIFF

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RAYMOND D. ARLOZYNSKI,
 on behalf of himself and
all others similarly situated,

     Plaintiffs,

     v.          **Case No.: 8:09-cv-2321-VCM-AEP**

RUBIN & DEBSKI, P.A.,
ARTHUR D. RUBIN, and
MICHAEL T. DEBSKI,

     Defendants.
_____/

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 1, 2011, I certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified.

          s/ Donald A. Yarbrough
          Donald A. Yarbrough

**SERVICE LIST**

Wendy Susan Leavitt, Esq.
Marshall, Dennehey, Warner, Coleman & Goggin
Suite 500
1 East Broward Boulevard
Ft. Lauderdale, FL 33301
Telephone: 954-847-4920
Facsimile: 954-627-6640

Via Notices of Electronic Filing generated by CM/ECF