UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RAYMOND D. ARLOZYNSKI, on
behalf of himself and all
others similarly situated,

    Plaintiff,
v.                               Case No. 8:09-cv-2321-T-33AEP

RUBIN & DEBSKI, P.A., ARTHUR
D. RUBIN, and MICHAEL T. DEBSKI,

    Defendants.
_____/

**ORDER**

    This matter is before the Court on consideration of United States Magistrate Judge Anthony E. Porcelli's Report and Recommendation (Doc. # 83), filed on November 21, 2011, recommending that Plaintiff's Motion for an Award of Attorneys' Fees and Expenses (Doc. # 63) be granted in part and denied in part. Specifically, Judge Porcelli recommends that Plaintiff be awarded $33,959.70 in attorneys' fees and $510.05 in costs.

    On December 1, 2011, Plaintiff filed an Objection to the Report and Recommendation (Doc. # 84), and Defendants responded (Doc. # 85) on December 14, 2011. For the reasons that follow, the Court adopts the Report and Recommendation.

**I.   Legal Standard**

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); <u>Williams v. Wainwright</u>, 681 F.2d 732 (11th Cir. 1982), <u>cert.</u> <u>denied</u>, 459 U.S. 1112 (1983).  In the absence of specific objections, there is no requirement that a district judge review factual findings <u>de novo</u>, <u>Garvey v. Vaughn</u>, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject or modify, in whole or in part, the findings and recommendations.  28 U.S.C. § 636(b)(1)(C).  The district judge reviews legal conclusions <u>de novo</u>, even in the absence of an objection.  See <u>Cooper-Houston v. S. Ry. Co.</u>, 37 F.3d 603, 604 (11th Cir. 1994); <u>Castro Bobadilla v. Reno</u>, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), <u>aff'd</u>, 28 F.3d 116 (11th Cir. 1994) (Table).

**II.   Background**

Plaintiff filed this Fair Debt Collection Practices Act case on November 13, 2009. (Doc. # 1).  On May 17, 2010, the parties jointly sought class certification. (Doc. # 25).  On June 4, 2010, the Court certified the following class:

> (i) all Florida residents to whom Defendants left a telephone message (ii) in which Defendants failed to state it is from a debt collector, and/or that

> it was an attempt to collect a debt (iii) in an attempt to collect a debt incurred for personal, family, or household purposes allegedly due Target (iv) during the one year period prior to the filing of the complaint in this matter through the date of class certification.

(Doc. # 34 at 1).

The Parties filed a notice of class action settlement (Doc. # 49) and, on January 28, 2011, the parties filed a joint motion for approval of the settlement. (Doc. # 52). The Court preliminarily approved the settlement on February 3, 2011, and held a final fairness hearing on May 20, 2011. (Doc. # 53).  Pursuant to the settlement, Defendants created a $10,000 Class Fund and also agreed to pay Plaintiff Arlozynski $1,000 in statutory damages and $2,000 for his services as the Class Representative.  (Doc. # 60 at 6-7).

During the final fairness hearing, the parties indicated that they planned to resolve the matter of Plaintiff's attorneys fees without Court intervention.  The Court issued an Order approving the class action settlement on June 3, 2011, and, as to attorneys' fees, noted:

> Pursuant to the Settlement Agreement, Class Counsel is entitled to an award of their reasonable fees and costs from Defendants, which is over and above, and separate from, the Class Fund. Counsel for the parties have agreed to work in good faith to agree upon that amount. In the event that the parties do not reach an agreement as to a reasonable amount of attorneys' fees and costs, Class Counsel shall

>   petition the Court for an award within 60 days of
>   the date of this Order.

(Doc. # 60 at 7).

Unable to agree upon attorneys' fees, Plaintiff filed a Motion requesting $51,142.55 in attorneys' fees and costs on August 1, 2011. (Doc. # 63). The undersigned referred the Motion to Judge Porcelli, and he filed his Report and Recommendation on November 21, 2011.

### III. The Report and Recommendation and Objection

Judge Porcelli recommends that Plaintiff's counsel be awarded $33,959.70 in attorneys' fees and $510.05 in costs. He arrived at that figure by (1) reducing attorney Bragg's hourly rate from $480 to $350; (2) excising 8.55 unnecessary hours from attorney Bragg's time; and (3) reducing the lodestar amount by 10%. Plaintiff filed a timely Objection to the Report and Recommendation to which Defendants have responded. Plaintiff does not object to the reduction in attorney Bragg's hourly rate or hours reasonably expended. Rather, Plaintiff objects to the 10% reduction of the lodestar.

Prior to the 10% reduction, the lodestar was $37,733. Plaintiff requests that this Court award that amount. Defendants, on the other hand, assert that the $3,773

reduction of the lodestar was reasonable in light of "the small settlement amount and [because] the attorneys' fees claimed . . . came to more than four times the amount of the settlement fund." (Doc. # 85 at 2).

IV. **Analysis**

After reducing attorney Bragg's hourly rate and hours reasonably expended, Judge Procelli arrived at the lodestar figure of $37,733. "After the lodestar is determined by multiplication of a reasonable hourly rate times hours reasonably expended, the court must next consider the necessity of an adjustment for results obtained." Norman v. Housing Auth., 836 F.2d 1292, 1302 (11th Cir. 1988). As correctly stated by Judge Porcelli, "[T]he lodestar must be reduced to reflect when a plaintiff's success or victory is limited." (Doc. # 83 at 12)(citing Zachloul v. Fair Debt Collections & Outsourcing, No. 8:09-cv-128-T-27MAP, 2010 U.S. Dist. LEXIS 41276, at *13 (M.D. Fla. Mar. 19, 2010)). Adjustment of the lodestar is left to the court's sound discretion. Fulford v. NCO Fin. Sys., No. 6:07-cv-1196-Orl-22KRS, 2008 U.S. Dist. LEXIS 64966 (M.D. Fla. July 30, 2008)(reducing lodestar figure by 25% in FDCPA case).

Judge Porcelli recommends that the lodestar be adjusted downward by 10% due to the meager $4.86 recovery per class

member.  His recommendation, based upon the modest results obtained in this action, is consistent with governing law. See Hensley v. Eckerhart, 461 U.S. 424, 436 (1983)(downward departure from the lodestar is appropriate when "a plaintiff has achieved only partial or limited success" and "the most critical factor is the degree of success obtained"); Sclafani v. Allianceone Receivables Mgmt., No. 09-61675-CIV-ZLOCH, 2011 U.S. Dist. LEXIS 142771, at *8 (S.D. Fla. Sept. 28, 2011)(reducing lodestar by 25% in FDCPA case based upon "overall results plaintiffs obtained in relation to the hours reasonably spent on the litigation").

Defendants correctly argue that "[t]he Supreme Court has rejected proportionality of damages as a basis for a fee award." (Doc. # 84 at 4)(citing Cullens v. Ga. Dep't of Trans., 29 F.3d 1489, 1493 (11th Cir. 1994)).  The Court's decision to reduce the lodestar by 10% is not made in an effort to grant Plaintiff's counsel an award proportionate to the modest results obtained for the Class.  If that were the goal, the Court would have reduced the lodestar by a far greater percentage.

The Court is an expert on the reasonableness of attorneys' fees and may draw upon its own knowledge and expertise in forming an independent judgment as to the value

of an attorney's services. <u>Norman</u>, 836 F.2d at 1303; <u>Loranger v. Stierheim</u>, 10 F. 3d 776, 781 (11th Cir. 1994). This Court determines that a reduction of the lodestar is appropriate due to the modest results obtained. In so finding, the Court draws upon its knowledge, experience, and expertise.

Although given ample opportunity, Plaintiff failed to demonstrate why Judge Porcelli's well-reasoned Report and Recommendation should not be adopted. Having considered the Report and Recommendation, Objection, Response and the entire file, the Court determines that it is appropriate to adopt the Report and Recommendation.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) United States Magistrate Judge Anthony E. Porcelli's Report and Recommendation (Doc. # 83) is **ACCEPTED** and **ADOPTED.**

(2) Plaintiff's Motion for an Award of Attorneys' Fees and Expenses (Doc. # 63) is **GRANTED IN PART AND DENIED IN PART** to the extent that Plaintiff is awarded $33,959.70 in attorneys' fees and $510.05 in costs.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>16th</u> day of December, 2011.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:   All Counsel of Record